Filed 10/15/14  In re R.F. CA2/6

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| In re R.F., a Person Coming Under the Juvenile Court Law. | 2d Juv. No. B256139 (Super. Ct. No. J069076) (Ventura County) |
| VENTURA COUNTY HUMAN SERVICES AGENCY,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>N.S.,<br><br>    Defendant and Appellant. | |

N.S. appeals the order terminating her parental rights to her minor daughter R.F. and choosing adoption as the child's permanent plan (Welf. & Inst. Code, § 366.26 (hereafter section 366.26)).  We appointed counsel to represent her on appeal.

On August 8, 2014, counsel filed a brief in which no arguable issues were raised.  We advised appellant that she had 30 days to submit any contentions she wished us to consider, and that the appeal would be dismissed in the absence of any arguable issues.  (*In re Phoenix H.* (2009) 47 Cal.4th 835, 844-846; *In re Sade C.* (1996) 13 Cal.4th 952, 994.)

In a supplemental letter brief, appellant lodges numerous complaints regarding the decision to terminate reunification services and set the matter for a section 366.26 hearing. Appellant forfeited her right to appellate review of these issues. When the court issued its decision on May 30, 2013, appellant was advised that her right to appellate review of the decision would not be preserved unless she filed a petition for extraordinary writ relief. Appellant failed to file such a petition. In any event, the record does not support appellant's claims that she was treated unfairly or "trick[ed]" into giving up her parental rights. To the extent appellant complains that the maternal grandmother's rights were somehow violated, she lacks standing to raise those claims. Her remaining claims are either premised on unsubstantiated facts or irrelevant to the order from which she appeals. Appellant's evidence purporting to demonstrate that she attended parenting classes that were not an approved part of her case plan is similarly unavailing.

By the time the section 366.26 hearing was set, the focus of the proceedings had shifted from appellant's interest in reunification to the child's interest in stability and permanency. (*In re Dakota H.* (2005) 132 Cal.App.4th 212, 223.) Our review of the record discloses that the juvenile court's findings of fact are supported by substantial evidence and that it properly exercised its discretion in terminating appellant's parental rights and selecting adoption as the permanent plan for the child. (*In re Bailey J.* (2010) 189 Cal.App.4th 1308, 1316-1317.)

The judgment (section 366.26 order terminating parental rights) is affirmed. NOT TO BE PUBLISHED.


                                    PERREN, J.
We concur:


        GILBERT, P. J.


        YEGAN, J.


2

Bruce A. Young, Judge

Superior Court County of Ventura

_____


Jesse McGowan, under appointment by the Court of Appeal; N.S., in pro. per., for Appellant.

No appearance for Respondent.